FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 29 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JUAN BASGOITIA,

        Petitioner,

-against-

                              NOT FOR PUBLICATION
                              MEMORANDUM & ORDER
                              09-CV-01768 (CBA)

JOSEPH T. SMITH,
Superintendent, Shawangunk
Correctional Facility,

        Respondent.

----------------------------------------------------------------x

AMON, United States District Judge:

       Petitioner Juan Basgoitia filed a *pro se* petition for a federal writ of habeas corpus on April 24, 2009. On October 8, 2009, petitioner filed a *pro se* motion for a stay of his federal habeas proceeding, stating his intention to file a motion in state court challenging his judgment of conviction pursuant to New York Criminal Procedure Law § 440.10. In that request, petitioner stated that he had "received an affidavit from a co-defendant[,] David Robles" after filing the instant habeas petition, and that "[t]he substance of this affidavit refutes the trial testimony of the Prosecution's key witness[,] Daniel Machuca." On September 14, 2010, the Court issued a Memorandum and Order denying petitioner's motion without prejudice because it failed to specify the nature of the claim petitioner wished to pursue in state court. However, the Court also afforded petitioner an additional opportunity to file any request. The Court directed the petitioner, should he choose to re-file the request, to: (1) describe in detail the nature of the claim or claims he wishes to

pursue in state court; (2) show good cause for his failure to exhaust these claims prior to filing this habeas action; and (3) explain why the new claims are not plainly meritless.

In a September 24, 2010 letter, petitioner purports to respond to the Court's Order. The letter explains that petitioner seeks to pursue a claim of prosecutorial misconduct. Specifically, petitioner states that he, "anticipates [] raising [a claim] that the [p]rosecution kn[e]w, or should have known, that Daniel Machua's testimony was false because petitioner's oral and videotaped statements conflicted about whether he thought that Robles and Machuca were going to 'beat up' the Lavery brother[s], and because petitioner did not admit to participating in an attempted murder conspiracy or in any substantive crime pertaining to such a conspiracy." Petitioner further contends that, "the [p]rosecution should have known, because of petitioner's oral and videotaped statements, that Machuca's testimony that Robles subsequently told him that 'it' was 'up graded,' that petitioner wanted to 'get rid of' the brothers by 'any means necessary,' and that they were now going to kill the brothers, was false testimony."

In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that a district court should only grant a petitioner's request to stay a federal habeas petition in "limited circumstances." The Court noted that "[s]tay and abeyance, if employed too frequently, has the potential to undermine [the] twin purposes" of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), namely, the objectives of "encouraging finality" and "streamlining federal habeas proceedings." Id. Because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," the Supreme Court held that a stay and abeyance of a mixed petition is only appropriate where there is "good cause for the petitioner's failure to exhaust his claims first

2

in state court," the unexhausted claims are not "plainly meritless," and the prisoner has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78.

Respondent argues that petitioner has not shown good cause for his failure to exhaust his proposed claim prior to filing the instant petition. The Court agrees. Petitioner argues that he had good cause for failing to pursue the above described claim prior to filing the instant petition because he did not receive the Robles affidavit until the end of September 2009. However, it is not clear how such an affidavit is relevant to petitioner's allegations of prosecutorial misconduct. The claim petitioner states that he now seeks to raise relates not to the Robles affidavit but to the prosecution's alleged misconduct in failing to credit statements made by the petitioner prior to his trial. Specifically, petitioner argues that the prosecution should have known that Machuca's testimony was false due to petitioner's conflicting statements to the police and his refusal to incriminate himself. Petitioner was aware of those statements and his refusal to incriminate himself at the time of his trial and well before he filed the instant petition on April 24, 2009. Accordingly, the Court finds that petitioner did not have good cause for failing to pursue his allegations of prosecutorial misconduct prior to filing the instant petition.

Even if petitioner could show good cause, the proposed claim is plainly meritless. Where a conviction is achieved with the aid of testimony that the prosecution knew or should have known to be false, it "must be set aside if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). A successful challenge to a conviction based on the grounds of prosecutorial misconduct, therefore, requires the defendant to show that "(1) there was false testimony, (2) the Government knew or should have known that the testimony was false, and (3) there was 'any reasonable likelihood that

the false testimony could have affected the judgment of the jury.'" United States v. Helmsley, 985 F.2d 1202, 1205-06 (2d Cir. 1993) (quoting Agurs, 427 U.S. at 103). The government could not have known that a witness's testimony was false based solely on the fact that such testimony differed from petitioner's own statements to the police about his culpability. Likewise, petitioner's inconsistent statements about his knowledge would not lead a prosecutor to doubt the veracity of an accomplice witness. To the extent petitioner argues that the Robles affidavit proves that the prosecution knew Machuca's testimony was false, such an affidavit cannot be used to demonstrate the prosecution's knowledge. As petitioner states, the affidavit was not notarized until September 12, 2009, long after petitioner's trial and conviction.

Accordingly, petitioner's motion for a stay is denied to the extent that he seeks to pursue a claim for prosecutorial misconduct due to the prosecution's alleged knowing use of false testimony despite petitioner's own contradictory statements prior to trial.

SO ORDERED.

s/CBA

CAROL BAGLEY AMON
Chief United States District Judge

Dated: September 28, 2011
Brooklyn, New York