UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
JUAN BASAGOITIA,

        Petitioner,

-against-

                                                                NOT FOR PUBLICATION
                                                                MEMORANDUM & ORDER
                                                                09-CV-01768 (CBA)

JOSEPH T. SMITH, Superintendent, Shawangunk
Correctional Facility,

        Respondent.
----------------------------------------------------------------------x

AMON, Chief United States District Judge:

        Currently before the Court is Juan Basagoitia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Although not addressed by either party, the Court believes that the petition contains a claim that is currently unexhausted. For the reasons stated below, the parties are directed to submit further briefing on the issue.

        In Basagoitia's supplemental pro se brief to the Appellate Division, which he asks this Court to consider as part of the current petition, he asserted claims of ineffective assistance of counsel on two principal grounds: (1) that his attorney failed to notify him of a favorable plea offer of 12 years imprisonment, and (2) that his attorney failed to alert the trial court that Basagoitia, a Spanish speaker, could not understand the court-appointed interpreters during the proceedings. (See Defendant's Supplemental Brief to the Appellate Division, Second Department, at 5-6, 8-16, 17, 21.) These claims are at times intertwined because, in support of his argument that he was never properly informed about a 12-year plea offer, Basagoitia claims

1

that he was unable to understand the in-court discussions of that plea offer that appear in the record. (See id. at 11-12, 15.)

On direct appeal, the Appellate Division held that "to the extent that the defendant's contention . . . that he was denied the effective assistance of counsel because his attorney failed to disclose a potential plea agreement to him relies on matters in the record, it is without merit." People v. Basagoitia, 865 N.Y.S.2d 313, 316 (2d Dep't 2008). The court also noted, however, that to "the extent that the contention relies on matter dehors the record, we do not reach it." Id. This latter holding appears to indicate that the Appellate Division was not reaching the interpreter issue because it depended on matters outside the trial record, and thus needed to be raised in a motion to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10. See also People v. Santer, 816 N.Y.S.2d 444 (1st Dep't 2006) ("Since defendant's ineffective assistance of counsel claim turns on matters outside the record, . . . it is not reviewable on direct appeal and would require a further record to be developed by way of a CPL 440.10 motion."). Indeed, in the state's own supplemental brief to the Appellate Division, it argued that Basagoitia's assertions regarding the interpreters, whether styled as ineffective assistance or free-standing due process violations, were based on matters outside the record and thus not properly before the state court on direct appeal. (See, e.g., Respondent's Supplemental Brief to the Appellate Division, at 25, 27.)

This claim thus appears unexhausted, because it has not yet been properly presented to the state court, and a § 440.10 motion may be filed "[a]t any time after the entry of a judgment." See, e.g., Snitzel v. Murry, 371 F. Supp. 2d 295, 299 (W.D.N.Y. 2004) (where ineffective assistance claim is predicated on matters outside the trial record, the "appropriate vehicle for

2

raising them" in state court is a § 440.10 motion, without which they are unexhausted); <u>Acosta v. Couture</u>, 2003 WL 272052, at *6 (S.D.N.Y. 2003) (if an ineffective assistance claim based on matters outside the record is only raised on direct appeal and not in a § 440.10 motion, the "claim is deemed unexhausted because it was not properly raised in the state court"). According to the record currently before this Court, Basagoitia never brought such a § 440.10 motion. Indeed, Basagoitia brought a motion to stay these habeas proceedings so that he could pursue a <u>different</u> § 440.10 motion, based on his allegations of prosecutorial misconduct. He made no mention there of seeking to exhaust any ineffective assistance claims. The Court denied the motion to stay because Basagoitia had not shown good cause for his failure to exhaust. (Docket entry #21.)

The respondent neglected to address any exhaustion issue in his briefing to this Court. In fact, the respondent's brief erroneously argues that "[i]n state court . . . petitioner never claimed that his trial counsel was ineffective for failing to object to the alleged insufficient of the court-appointed interpreters." (Resp. Br., at 66.) This assertion is belied by Basagoitia's supplemental brief to the Appellate Division where he argued repeatedly that his attorney was deficient for failing to alert the court to Basagoitia's difficulty understanding the court-appointed interpreters. (<u>E.g.</u>, Def. Supp. Br. at 5, 12, 17, 21.)

Where a habeas petition presents both exhausted and unexhausted claims, the district court may "exercise discretion either to stay further proceedings on the remaining portion of the petition or to dismiss the petition in its entirety." <u>Zarvela v. Artuz</u>, 254 F.3d 374, 380 (2d Cir. 2001). In <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005), the Supreme Court held that a district court should only grant a petitioner's request to stay a federal habeas petition in "limited circumstances." The Court noted that "[s]tay and abeyance, if employed too frequently, has the

3

potential to undermine [the] twin purposes" of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), namely, the objectives of "encouraging finality" and "streamlining federal habeas proceedings." Id. Because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," the Supreme Court held that a stay and abeyance of a mixed petition is only appropriate where there is "good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the prisoner has not engaged in "abusive litigation tactics or intentional delay." Id. at 277-78. Notably, the Court also concluded that "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. at 278.

Here, a stay appears inappropriate, because Basagoitia would be unable to demonstrate good cause for his failure to exhaust this claim of ineffective assistance of counsel. There is no reason why he could not have filed a § 440.10 motion on these grounds immediately after his trial or following the denial of his direct appeals; his supplemental brief to the Appellate Division makes clear that he was fully aware of the potential claim, and the alleged facts underlying it, at the time of his conviction. Moreover, even if there were some justification for this initial failure to exhaust, there is no reason why he could not have requested a stay on these grounds in his motion for a stay and abeyance filed in this Court on October 8, 2009. (Docket entry # 10.) He has never indicated that he is pursuing a stay on these grounds, and in fact states

4

in his petition that he has exhausted all his state court remedies with respect to the claims asserted. (Petition at 5.)

The Court also does not believe it appropriate to attempt to review this claim on the merits, pursuant to its discretion to review unexhausted claims under § 2254(b)(2), because, as the Appellate Division recognized, it depends on matters not yet placed on the record, and the Court is unable to conclude that it is meritless on its face. See Cruz v. Artuz, 2002 WL 1359386, at *8 (E.D.N.Y. 2002) (habeas court may review unexhausted claims where they are patently frivolous).

Thus, it would appear that the only available courses of action are to dismiss the entire petition without prejudice, or to allow Basagoitia an opportunity to withdraw the unexhausted claim. It is important to note that a dismissal at this time would effectively deprive Basagoitia of all federal habeas review because, pursuant to AEDPA's one-year statute of limitations, any subsequent re-filing of the petition would likely be time-barred. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (filing of federal habeas petition does not toll AEDPA's one-year statute of limitations). Proceeding with the unexhausted claims, meanwhile, would have the effect of making any later petition by Basagoitia, including one asserting the now unexhausted claim, a "second or successive" petition subject to AEDPA's strict limitations on such petitions. See 28 U.S.C. § 2244(b); Reyes v. Phillips, 2005 WL 2173812, at *8 (S.D.N.Y. 2005).

In light of the lack of briefing on this issue, the Court is hesitant to decide on the next step without some showing from the parties.

**Accordingly, the respondent is directed to respond to this Order within 30 days. The respondent should address (1) whether Basagoitia's claim that his counsel was**

5

**ineffective for failing to address his client's inability to understand the court-appointed interpreters is in fact unexhausted; (2) whether the Court should stay the present action and give Basagoitia an opportunity to exhaust that claim; and (3) if a stay is inappropriate, whether the Court should dismiss the entire petition without prejudice, or should allow Basagoitia to withdraw the unexhausted claim and proceed with the exhausted claims.**

Upon receiving the respondent's submission, Basagoitia is afforded 30 days to file a response that addresses the same questions.

SO ORDERED.

_____/s/_____

CAROL BAGLEY AMON
Chief United States District Judge

Dated:  February 9, 2012
        Brooklyn, New York

6